IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cottonflower-Goodyear Community Association, Inc., <br><br> Plaintiff, <br> vs. <br><br> Malik Bey, et al., <br><br> Defendants, <br><br> United States of America, <br><br> Intervenor Defendant. | No. CV-17-01432-PHX-SPL <br><br> **ORDER** |

In 2006, the United States Internal Revenue Service ("United States") made federal tax assessments against Walter E. King. In July of 2013, the United States recorded notices of federal tax liens pursuant to 26 U.S.C. § 6321 with the Maricopa County Recorder against the real property and King's rights to the property located at Lot 646, Cottonflower Unit VI, 2267 South 173rd Drive, Goodyear, Arizona 85538 ("Lot 646"). The United States determined that King was using entities to shield his property from creditors, and in April of 2014, recorded federal tax liens against Lot 646 and any rights to it belonging to King's nominees Magic Asset Management Trust and Titanium International Investments Trust. (Docs. 1; 32-1 at 2-3.)

Meanwhile, in October of 2013, Cottonflower Goodyear Community Association, Inc. filed a lien against Lot 646, believed to be owned by individual named Malik Bey, in connection with unpaid homeowners association assessments and related fees. (Doc. 1-1

at 99-100.) Cottonflower then filed a lawsuit against Bey in the Maricopa County Superior Court, Case No. CV2013-015763, bringing a claim for breach of contract and for foreclosure its lien on Lot 646. (Doc. 1-1 at 2.) On May 28, 2014, the Superior Court entered judgment in favor of Cottonflower against "Malik Bey Trustee of Magic Asset Management Trust a.k.a. M. Tariq-Bey Trustee of Titanium International Investments Trust" in the amount of $8,220.89, plus interest and post-judgment attorneys' fees. The judgment foreclosed Cottonflower's lien, directed sale of Lot 646 at public auction, and ordered the Maricopa County Sheriff to disburse the sale proceeds to Cottonflower in the amount of the judgment awarded. (Doc. 1-2 at 22-27.) A Writ of Special Execution was issued (Doc. 1-3 at 213-214), and on December 3, 2015, Lot 646 was sold for $104,000.00 (Doc. 1-3 at 211-212). On December 29, 2015, the Sheriff deposited $76,804.00 in surplus sale proceeds with the Superior Court. (Doc. 1-3 at 208-209.)

In March of 2017, the United States became aware of the state court action, the judicial sale of Lot 646, and the remaining surplus proceeds. (Doc. 1 ¶ 3.) The United States intervened as a defendant pursuant to 26 U.S.C. § 7424, and on May 9, 2017, removed this case to federal court citing 28 U.S.C. §§ 2410, 1444, 1441(a), and 1442(a)(1). On June 2, 2017, the United States filed an answer to Cottonflower's complaint in which it asserted a claim to the surplus proceeds. (Doc. 11.) In turn, Cottonflower disclaimed any interest in the surplus proceeds, and on stipulation of the parties, was deemed a "non-party." (Doc. 13.) Since that time, King and the United States have filed several motions which are presently at issue.

First, the Court denies the United States' request to strike King's filings on the basis that he "is not a party to this action." (Doc. 31.) It has been previously recognized by the state court, and is undisputed by the parties, that Malik Bey and M. Tariq-Bey are King's aliases. (*See, e.g.,* Doc. 1-2 at 48 ("Discussion is held regarding Malik Bey/M. Tariq-Bey/Walter Edward King's special appearance"); Doc. 26 ("Walter King… is Defendant Malik Bey and Defendant M. Tariq Bey"); Doc. 21 at 1-2 (same); Doc. 1-2 at 60 (asserting that Malik Bey and M. Tariq-Bey are King's "trade names").) King is

therefore effectively a party to this case. For this reason, King's request to intervene as a party (Doc. 33) is also denied.

Second, King moves for leave to file an answer, crossclaim and/or counterclaim. (Docs. 30, 33.) The request will be denied. The deadline for amending or filing supplemental pleadings was September 1, 2017. (Doc. 23); *see also* Fed. R. Civ. P. 13, 15. Permitting King an opportunity to bring new claims against Cottonflower and/or the United States at this juncture would not serve the interests of justice in this case. *See Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 767 (9th Cir. 2015); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992). King offers no compelling explanation for why he did not file a pleading earlier and instead waited until almost one year after the United States intervened, and months after he participated in the Rule 26(f) conference to seek relief. *See U.S. v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1018 (9th Cir. 2013); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (relevant to evaluating undue delay is whether the moving party knew or should have previously known the facts and theories raised in the amended pleading). Allowing King to bring claims now would unnecessarily prologue proceedings. *See Divkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Jackson*, 902 F.2d at 1387 ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial." (internal quotation omitted)). In light of the undue delay, King's failure to explain the reason for the delay, and the resulting prejudice, the request for leave to assert a counterclaim/crossclaim will be denied.

Third, the United States' motion for judgment on the pleadings will be denied. The Court lacks a pleading that sets forth a live case and controversy against or by the United States arising under the Internal Revenue Code on which judgment can be entered. *See* 28 U.S.C. § 1340 (granting district courts jurisdiction over "civil action[s] arising under any

Act of Congress providing for internal revenue"); *United States v. Coson*, 286 F.2d 453 (9th Cir. 1961) (in an action under § 2410, the requirements of § 1340 are satisfied where there are specific allegations that a federal tax lien is invalid, and basis for invalidity concerns the construction or effect of a provision of the Internal Revenue Code); 28 U.S.C. § 1345 (granting district courts jurisdiction over "all civil actions, suits or proceedings commenced by the United States"); 26 U.S.C. § 7402(a) (granting district courts jurisdiction in civil actions commenced by the United States to issue "writs and orders of injunction… orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws").

This case is not a foreclosure action within the meaning of 28 U.S.C. § 2410(a)(2), in which the plaintiff seeking to foreclose on its lien disputes the priority or validity of a federal tax lien attached to the property. *See Huff v. U.S.*, 10 F.3d 1440, 1445 (9th Cir. 1993); *Hughes v. U.S.*, 953 F.2d 531, 538 (9th Cir. 1992); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990). Rather, the United States intervened in this case as a defendant after the judicial foreclosure sale occurred and the funds were disbursed to Cottonflower to satisfy the state court judgment. Nor is this case an interpleader action under 28 U.S.C. § 2410(a)(5); there are no competing claims of priority to the deposited surplus proceeds for this Court to resolve. *See Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691,* 635 F.3d 1128, 1132 (9th Cir. 2011); *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002); *also cf.* 26 U.S.C. § 7425(a) (discussing priority of claims to proceeds of a judicial foreclosure made prior to distribution). The United States has not filed a counterclaim asserting an interest in the sale proceeds disbursed to Cottonflower, nor claims that its tax lien remains attached to the real property sold at auction. *Cf.* 28 U.S.C. § 2410(c).

Further, while United States claims that its tax lien on Lot 646 attached to the surplus sale proceeds, *see* 26 U.S.C. § 6322, it has not commenced an action by filing a crossclaim against King (aka Bey or Tariq-Bey) to enforce its tax lien under 26 U.S.C. §

7403. A tax lien or other interest claimed is not self-executing; affirmative legal action by the United States is required to enforce collection of the unpaid taxes. *U.S. v. National Bank of Commerce*, 472 U.S. 713, 720 (1985) (identifying 26 U.S.C. § 7403 and 26 U.S.C. § 6331 as two procedures to perfect a tax lien and enforce collection of unpaid); *U.S. v. Rodgers*, 461 U.S. 677, 678 (1983); *Stead v. U.S.*, 419 F.3d 944, 946 (9th Cir. 2005); 26 U.S.C. § 7401. Indeed, the United States argues that, due to the limitations of actions brought under § 2410, King cannot challenge the underlying tax assessment. (*See* Doc. 32; Doc. 31 at 8); *cf. U.S. v. Stonehill,* 702 F.2d 1288, 1294 (9th Cir. 1983) (in a § 7403 action, taxpayer has burden of proof to rebut the presumption of correctness of assessments) (citing *United States v. Janis*, 428 U.S. 433, 441-42 (1976)). And, to the extent that the United States asks the Court to enter judgment on the surplus proceeds, as compared to deciding the parties' respective interests in them, it fails to identify grounds which would give this Court the authority to do so, as those proceeds are still in the custody of the state court. *See Muntwyler v. U.S.*, 703 F.2d 1030, 1034 (7th Cir. 1983) (observing the distinction between claiming an interest in property and seizing property); *see also Law Offices of David Efron, P.C. v. Candelario,* 842 F.3d 780, 782 (1st Cir. 2016) (discussing doctrine of custodia legis).

In absence of a judiciable case and controversy, the Court lacks jurisdiction and will remand this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III"); *Chapman v. Pier 1 Imports Inc.*, 631 F.3d 939 (9th Cir. 2011) (explaining that the Court may *sua sponte* examine jurisdictional issues); *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) ("Article III of the United States Constitution limits

federal court jurisdiction to 'actual, ongoing cases or controversies.'") (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

Accordingly,

**IT IS ORDERED**:

1. That King's Motion for Extension of Time (Doc. 30) and Motion for Leave to Intervene and File Counterclaim and/or Crossclaim (Doc. 33) are **denied**;

2. That the United States' Motion to Strike (Doc. 31) and Motion for Judgment on the Pleadings (Doc. 32) are **denied**;

3. That the United States' Motion for Extension of Time (Doc. 35) is **denied as moot**; and

4. That the Clerk of Court shall **remand** this case to the Maricopa County Superior Court and **terminate** this action.

Dated this 20th day of February, 2018.

Honorable Steven P. Logan
United States District Judge